Sylvia Goodman, Robert Goodman and Carolyn Goodman. Husband and Wife, William Goodman, by Charles Goodman, Father and General Guardian, Annette Goodman, by Charles Goodman, Father and General Guardian, Doris G. Jacoby v. Commissioner.
Goodman
Docket Nos. 110224, 110225, 110226, 110227, 110246.
United States Tax Court
1947 Tax Ct. Memo LEXIS 92; 6 T.C.M. (CCH) 1031; T.C.M. (RIA) 46300; September 8, 1947
*92 DISNEY
Memorandum Sur Decision DISNEY, Judge: In each of the above entitled docket numbers the petitioner opposed respondent's computation for decision under Rule 50, in substance arguing that the respondent in computing corrected income and resulting tax liability, allowed deductions (resulting in overassessment and overpayment) which were not the subject of any assignment of error, therefore beyond the Court's jurisdiction. It is claimed that the refund of overpayment is barred by the statute of limitations. In docket numbers 110224, Sylvia Goodman, and 110226, William Goodman, by Charles Goodman, Father and General Guardian, the statute of limitations apparently has not run. The petition in each of the five docket numbers above closes with the prayer "for such other and further relief as the Board may deem just and proper in the premises." These cases were consolidated for trial with others, involving determination as to whether income from certain dividends, interest, and liquidating distributions (described in respondent's computation) was received by the petitioners in the above numbered cases or whether it was received by Charles Goodman, husband of Sylvia Goodman *93 and father of Robert, William and Annette Goodman and Doris G. Jacoby, and therefore taxable to him instead of one-sixth to each. That this issue was understood between the parties is shown in petitioners' counsel's opening statements, by respondent's counsel's reference to the fact that if the entire income was held taxable to Charles Goodman "then it would probably be overassessment in these five cases", and by petitioners' brief where it is stated that if Goodman owned the whole (of Mideastern distribution) "then there has obviously been an overpayment by Goodman, his wife and each of his four children" - but contending that the returns were correct. In our opinion we concluded that having held the income to be that of Charles Goodman it should be eliminated from gross income of the wife and children. The general prayer invoked our powers in a case of the general class committed to our jurisdiction. The above statement by respondent's counsel as to probable overassessments if the entire income was taxable to Charles Goodman is in substance a concession, in the alternative, that the Commissioner had erred in including the amounts in the income of the wife and children. Our language *94 was general, and covered therefore the items set forth in the respondent's computation as eliminated from the income of wife and children. Upon reexamination of the question upon the objections raised by the petitioners on Rule 50 computation, we think the petitioners, after seeking general relief from the Court, may not under their prayer and all the facts here, logically or validly deny its jurisdiction to give such relief despite the fact that the particular assignments of error were narrower. Jurisdiction, particularly when not contested, but in fact agreed to, as here, may not so easily be evaded after being sought. No surprise is involved and the ruling benefits the petitioners except as affected by the statute of limitations. That timely action was not taken to get the benefit of overpayments in all of the cases obviously does not strengthen petitioners' position. The essential basis of respondent's view of the tax situation between the members of the Goodman family has been apparent since deficiency determined against Charles Goodman in 1944, and was apparent during a long trial. We think the petitioners may not, in these circumstances, effectively refuse the relief proffered, *95 and in part available. We have therefore approved computations showing overpayments.